FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

JAN 2 4 2003

at ___ o'clock and ___ min. ___ M
WALTER A.Y.H. CHINN, CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | MAGIS. NO. 03-0054 LEK |
| | ) | 03-0053 LEK |
| V. | ) | APPLICATION AND AFFIDAVIT |
| | ) | FOR ANTICIPATORY SEARCH |
| | ) | WARRANT; APPLICATION FOR |
| 1468-1 Liliha Street | ) | WARRANT AUTHORIZING |
| | ) | INSTALLATION AND MONITORING |
| One (1) FedEx Mail parcel | ) | OF BEEPER |
| | ) | |

### APPLICATION AND AFFIDAVIT FOR ANTICIPATORY SEARCH WARRANT

The undersigned person, after being duly sworn, deposes and says that there is reason to believe that:

On the premises/property described the appended Affidavit and attachments (which are hereinafter collectively referred-to as "Affidavit" and incorporated herein by reference), in the District of Hawaii,

There is or will be present in due course the property identified in the Affidavit, which is property that constitutes evidence of the commission of a criminal offense; contraband, the fruits of crime, or things otherwise criminally possessed; and property designed or intended for use or which is or has been used as the means of committing a criminal offense,

Concerning Violations of Title 21, United States Code, Section 952, and Title 18, United States Code, Section 545.

The facts to support a finding of Probable Cause are set forth in the attached Affidavit.

### APPLICATION FOR WARRANT AUTHORIZING
### INSTALLATION AND MONITORING OF BEEPER

The undersigned hereby applies to this Honorable Court for a warrant allowing the installation and monitoring of an electronic device, more commonly known as a "beeper," in the property described as follows below:
++++++++++++++++++++++++++++++++++++++++++++++++++++++++++++++++++
**PROPERTY IN WHICH BEEPER TO BE INSTALLED:** One (1) FedEx Mail parcel, Label AB#837495610898, addressed to "Robert



SEALED
BY ORDER OF THE COURT

Matsuda, 1468-1 Liliha Street, Honolulu, HI 96817", and the sender being "Mike Wallace, Church Lane, St. Johns, Antigua",
++++++++++++++++++++++++++++++++++++++++++++++++++++++++++++++++

(which property is hereinafter referred-to as the "subject property"), for use as a device to indicate where the subject property is located and when the subject property is opened after delivery to the following premises:
++++++++++++++++++++++++++++++++++++++++++++++++++++++++++++++++
    **PREMISES TO WHICH SUBJECT PROPERTY IS TO BE DELIVERED:**
1468-1 Liliha Street, Honolulu, HI 96817,
++++++++++++++++++++++++++++++++++++++++++++++++++++++++++++++++

or any other location to which the subject property may be transported.

    This Application is based upon the attached Affidavit and attachments, which are incorporated herein by reference and made a part hereof and which establishes the probable cause to believe the subject property contains controlled substances, which is possessed in violations of Title 21, United States Code, Section 952, and Title 18, United States Code Section 545, that the monitoring of said beeper will disclose the identity(ies) of the violator(s) and other evidence of said violations by reflecting the location of the subject property and when it is opened.

                    */s/ Dennis K. Imamura*
             **AFFIANT'S NAME:**     DENNIS IMAMURA
             **AFFIANT'S POSITION:** Senior Special Agent
             **AFFIANT'S FED. LAW**
             **ENFORCEMENT AGENCY:** U.S. Customs Service

Sworn to before me, and
subscribed in my presence:

January 23, 2003, at Honolulu, Hawaii.

NAME & TITLE OF JUDICIAL OFFICER:   LESLIE E. KOBAYASHI
                                              U.S. MAGISTRATE JUDGE

*/s/ Leslie E. Kobayashi*
JUDICIAL OFFICER'S SIGNATURE

## AFFIDAVIT OF DENNIS IMAMURA, EXHIBIT "A"

DENNIS IMAMURA, after being duly sworn, deposes and says as follows:

1. I am employed by the Department of Treasury, United States Customs Service (USCS) Office of Investigations, Honolulu, Hawaii, presently holding the position of Senior Special Agent since April 1990. I have been with USCS since 1979, being a Customs Inspector and Senior Customs Inspector from 1979-90. Prior to being employed by USCS, I was employed as a Drug Enforcement Administration (DEA) Special Agent during the period 1973-79 and as a Bureau of Narcotics & Dangerous Drugs Compliance Investigator during the period 1972-73. Since 1990, the Office of Investigations has had primary investigative responsibility for controlled substances import/export violations at the Honolulu port of entry. In my law enforcement career, I conservatively estimate that I have been involved in excess of 350 investigations involving controlled substances and drug trafficking. In excess of 200 of said investigations have been airport drug investigations, which have involved the searches of handcarry articles, baggage and the persons of suspected drug couriers for controlled substances and other drug-related evidence, and/or the smuggling of controlled substances hidden within packages or other containers sent via common carrier and air transport. I have also participated in

the searches of the residences of suspected drug traffickers on at least 200 occasions for controlled substances and drug trafficking evidence.  As a result of my experience and training, I am familiar with how various drugs are used and the typical distribution/trafficking methods utilized by drug dealers and traffickers.  In addition, I am also familiar with the typical methods utilized by traffickers to courier and clandestinely transport controlled substances through airports and via common carriers (as e.g., U.S. Mail, small parcel carriers, and freight services).

    2.   The parcel is more specifically described as follows:

    One (1) FedEx Mail parcel, Label AB#837495610898, addressed to "Robert Matsuda, 1468-1 Liliha Street, Honolulu, HI, 96817", and the sender being "Mike Wallace, Church Lane, St. Johns, Antigua" [hereinafter referred-to as the "subject parcel"].

    3.   On January 21, 2003, U.S. Customs Inspector (CI) Terry Dogan assigned to the FedEx facility in Memphis, Tennessee selected and examined FedEx parcel AB#837495610898 (hereinafter referred to as the "subject parcel"). The parcel originated from Antigua and was mailed by a "Mike Wallace, Church Lane, St. Johns, Antigua." The parcel was addressed to "Robert Matsuda, 1468-1 Liliha Street, Honolulu, HI 96817". The parcel contained sixteen bottles of Avon brand roll-on deodorant and eight bars of Vital Carbolic soap with a combined gross weight of

approximately 1.6 kilograms. CI Dogan opened one deodorant bottle which produced a white powdery substance and was field-tested positive for cocaine using Narco Test Kit #4 (Cobalt Thiocyanate). The remaining fifteen bottles were not tested. CI Dogan sent the parcel via FedEx to U.S. Customs Service Honolulu International Airport for an attempted controlled delivery.

    4.   On January 23, 2003, U.S. Customs Special Agent Chuck Akeo picked up the parcel at the FedEx facility in Honolulu, HI, and turned it over to me. I opened the parcel which contained the above said contents. Supervisory Canine Enforcement Officer (SCEO) Joseph Barino, Jr., used a USCS certified drug detector canine "Liberty," and obtained a positive response to the parcel. A certification of SCEO Barino and Liberty is attached as Exhibit "A." The bottles were x-rayed utilizing a Customs x-ray machine revealing that fifteen of the sixteen bottles were fully packed whereas the sixteenth bottle was only three-fourths full. I opened the sixteenth bottle and discovered it only contained deodorant liquid. I removed a white powdery substance from the fifteen bottles. I field tested the contents from one bottle using NIK Scott Reagent Field Test #G which indicated the presence of cocaine. Based upon my experience and training, possession of this quantity of cocaine is not consistent with personal use, but rather is more consistent with distribution.

(a) The other, non-drug contents of the subject parcel included the following:

(1) <u>Exterior container</u>: One (1) brown cardboard box, approximate dimensions of 6" x 7" x 10";

(2) <u>Interior contents</u>:

(a) Eight (8) orange "Vital Carbolic Soap" bars.

(b) Eight (8) blue Avon "Cool Confidence", 2.6 fluid ounces, baby powder scent deodorant bottles.

(c) Eight (8) green Avon "Feelin' Fresh", 2.6 fluid ounces, original scent deodorant bottles.

5. An address query of the Honolulu Police Department computer system indicated that a Russell TINAY was arrested in 2001 for DUI and gave the address of 1468-1 Liliha Street, Honolulu, Hawaii 96817 as his residence. TINAY's physical description is as follows: male Filipino, DOB 12/13/76, 5'6", 135 lbs., brown hair, brown eyes, tattoo of a turtle on his neck and tattoo of a dragon on his upper right arm.

6. On January 23, 2003, USCS Special Agents Brandon Jim On and Chuck Akeo observed a green 1999 4-door Honda, license plate #JJD430, parked in front of the residence. Vehicle checks on the license plate indicated registered owners as Raynette, Reginald, and Russell TINAY, with a registered address of 98-854 Noelani Street, Pearl City, Hawaii 96782. On the same date, at

approximately 1120 hours, SA Jim On observed a male fitting the description of TINAY leave 1468-1 Liliha Street and entered the aforementioned green Honda and departed. TINAY was observed doing errands and returned to 1468-1 Liliha Street at approximately 1205 hours.

7.   On January 23, 2003, a postal query indicated that Russell TINAY was the only individual receiving mail at 1468-1 Liliha Street, Honolulu, Hawaii, 96817.

8.   On January 23, 2003, an unknown caller from the Honolulu FedEx facility telephonically advised Honolulu Police Department Detective (HPD) Cathy Campbell that a male subject standing in front of the residence questioned a FedEx driver regarding a parcel he was expecting to arrive on January 23, 2003 at 1468-1 Liliha Street, Honolulu, Hawaii 96817. On the same date, HPD Detective Jack Wright spoke to the FedEx driver and determined that the male subject who had inquired about the parcel fit the general description of Russell TINAY.

9.  Based upon my training and experience, recipients of controlled substances via international and domestic mail and delivery services typically do not use their true names; they instead use aliases and bogus names to divert attention away from themselves. All of the checks conducted thus far have not linked the name "Robert Matsuda" to the address of 1468-1 Liliha

Street, Honolulu, HI  96817.

10. The destination address of the subject parcel is more specifically described as follows:

> The premises known as 1468-1 Liliha Street, Honolulu, HI 96817, located in a two-story cement structure, light gray in color. The door to the subject premises is dull gray in color with the numerals "1468-1" affixed to the middle of the door. Beneath the numerals is a blank, gold nameplate. The door is located on the ground floor.

According to FedEx personnel at the FedEx facility, the normal practice for FedEx Mail deliveries as the subject parcel would be to make the delivery directly to the destination address.

11. My office, in coordination with the HIDTA Airport Task Force, intends to effect a controlled delivery of the subject parcel, under police surveillance, to the designated destination address (that is, 1468-1 Liliha Street), or elsewhere should the addressee or other person(s) transport that parcel to a different location, in an effort to identify the perpetrator(s) of this illegal drug shipment.  The following actions are being taken to implement this controlled delivery:

(a) The sixteen deodorant bottles containing the cocaine will be removed from the subject parcel for safety and security reasons and replaced with sixteen(16) similar deodorant bottles consisting of deodorant, and the sixteen bottles dusted with fluorescent powder.

(b)  An electronic monitoring device (commonly known as a beeper) will be placed in the subject parcel to indicate where it is generally located and when the parcel is opened.

(c)  An undercover officer will pose as the FedEx mail carrier, who will actually effect the subject parcel's delivery to the addressee at the designated destination address.

(d)  Additionally, the same exterior container and other interior contents described above will also be placed back in the re-wrapped parcel.

WHEREFORE, based upon the foregoing, I believe that there is probable cause to permit the installation of an electronic beeper device (commonly known as a beeper) within the subject parcel to indicate where said parcel is located and when it is opened, which can assist in disclosing the identity(ies) of the perpetrator(s) and other evidence pertinent to the shipping of this subject parcel.

WHEREFORE, with respect to the anticipatory search warrant for the subject premises (1468-1 Liliha Street), I believe that there is probable cause to believe that the following articles are or will be present in due course at the subject premises:

12. One (1) FedEx Mail parcel, Label AB#837495610898, addressed to "Robert Matsuda, 1468-1 Liliha Street, Honolulu, HI, 96817", and the sender being "Mike Wallace, Church Lane, St. Johns, Antigua", including but not limited to the following:

(a)  Sixteen (16) deodorant bottles which contain deodorant;

(b)  One (1) electronic monitoring device (commonly known as a beeper);

(c)  <u>Exterior container</u>: One (1) brown cardboard box, approximate dimensions of 6" x 7" x 10";

(d)  <u>Other Interior contents</u>:

7

(a) Eight (8) orange "Vital Carbolic Soap" bars;

(b) Eight (8) blue Avon "Cool Confidence", 2.6 fluid ounces, baby powder scent, deodorant bottles;

(c) Eight (8) green Avon "Feelin' Fresh", 2.6 fluid ounces, original scent, deodorant bottles.

13. Items of personal property which tend to identify the person(s) in residence, occupancy, control or ownership of the premises that is the subject of this warrant, including but not limited to cancelled mail, deeds, leases, rental agreements, utility and telephone bills, statements, and identification documents.

FURTHERMORE, in order to assure compliance with applicable law, I further request that this Court condition the effectiveness of this anticipatory search warrant upon the actual delivery of the subject parcel to the subject premises.

FURTHER AFFIANT SAYETH NAUGHT.

_____
DENNIS IMAMURA

Subscribed and sworn to
before me, this 23rd day
of January, 2003.

_____
LESLIE E. KOBAYASHI
U.S. MAGISTRATE JUDGE

U.S. Customs Service, Canine Enforcement Officer, (SCEO), Joseph Barino Jr., has provided the following information concerning himself and U.S. Customs Service Canine Narcotics Detector Dog, LIBERTY, "CA-35".

A.  LIBERTY, "CA-35", has been assigned to the Honolulu International Airport since November 2002. Since that time, SCEO Barino has continuously been Liberty's handler.

B.  From July 2002 to October 2002, SCEO Barino attended the U.S. Customs Service Enforcement Training Center at Front Royal, Virginia. At this school, narcotics detector dogs are trained to detect the distinctive odors of controlled substances such as Marijuana, Hashish, Cocaine, Heroin, Ecstasy, Methamphetamine and other Opiates and upon discovering the same, to alert their handlers of the presents of a narcotic odor. SCEO Barino received such training in this course, (Basic Narcotic Detector Course #50010).

C.  Canine LIBERTY, "CA-35", also received such training at the U.S. Customs Service Enforcement Training Center at Front Royal, Virginia and was certified by the U.S. Customs Service as a Customs narcotic detector dog, with the reliably and capability in the detection of the controlled substances indicated.

D.  Since November, LIBERTY and SCEO Barino, have been routinely used in all work environments. And on a daily basis been engaged in continual, joint training and exercises to familiarize each of them with each other so that they both could work as a team.

E.  Continued training for LIBERTY is conducted to maintain a high desire in the canine to detect controlled substances in varying locations and environments. Recertification is conducted on a yearly basis by the U.S. Customs Service to ensure the dogs' detection capabilities of controlled substances. SCEO Barino and LIBERTY, were certified by the U.S. Customs Service in October 2002.

The foregoing is true and correct.

_____
SCEO Joseph Barino Jr.